USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ALLEN GRAHAM,          :

         Petitioner,          :     03 Civ. 9117 (TPG)
                                        01 Cr. 490 (TPG)
    - against -           :
                                  **OPINION**
UNITED STATES OF AMERICA,    :

         Respondent.          :
------------------------------x

        This is a motion under 28 U.S.C. § 2255. Petitioner Graham seeks to vacate or correct his sentence on the ground that he received ineffective assistance of counsel. His trial counsel was Marion Seltzer. The motion is denied in all respects.

        Graham was originally indicted on narcotics and firearm counts. If convicted, Graham would have faced a total minimum sentence of 15 years. He entered into a plea agreement, providing that he would plead to a superseding information charging participation in a cocain conspiracy, which involved no statutory minimum term, and on which the agreed guideline range was 57 to 71 months. Although the superseding information did not charge a firearm count, the plea agreement provided for a two-level enhancement for the guideline calculation based upon Graham's possession of a dangerous weapon in connection with the offense.

        A pretrial conference was held before the plea agreement was

signed. At that conference Graham objected to the two-level enhancement relating to weapon possession. The court explained that it would play no role in the plea negotiations and emphasized that it was Graham who should decide whether he wished to enter into any agreement or to plead guilty to any charge. It appeared that Graham's attorney had not had an opportunity to go over the plea agreement thoroughly with Graham, but that she intended to do so following the conference.

The day after the conference Graham and his attorney both executed the plea agreement.

A few days later Graham entered a plea to the superseding information. Among other things, the court questioned Graham about the plea agreement. Graham acknowledged that he had signed the plea agreement and that he understood it. In the discussion the court specifically noted that the plea agreement provided for a sentencing range of 57 to 71 months. Graham stated that he understood this to be the range. After ascertaining that Graham understood the rights he was giving up by pleading guilty, the court asked Graham if he still wished to plead guilty, to which Graham replied in the affirmative. He then specifically admitted what was charged in the superseding information, that he distributed between 5 and 20 grams of crack cocaine and that he worked with others to do so. He did not make any admission about a weapon, because that was not literally charged in the information.

At the sentencing, the court used the bottom of the guideline range and imposed the sentence of 57 months. Again, Graham made no objection to the guideline calculation or to the enhancement based on weapon possession.

In the present § 2255 motion, Graham's main argument is that his attorney, Seltzer, should have opposed the application of the weapon enhancement, provided for in § 2D1.1(b)(1) of the Guidelines. Graham also contends that Seltzer should have argued for a downward departure based on diminished mental capacity and aberrant behavior under § 5K2.13. Graham further argues that Seltzer had a conflict of interest in that she was married to an attorney who represented a cooperating defendant in this case, and that Seltzer and her husband shared a paralegal who had accompanied the cooperating defendant to the U.S. Attorney's Office. Finally, Graham alleges that Seltzer was aware of a certain video tape which should have led to a hearing.

With regard to the enhancement based on weapon possession, the court made it clear at the conference that Graham was fully entitled to sign or not to sign the plea agreement containing the enhancement regarding the weapon. Graham subsequently signed the plea agreement. At the time the plea was taken, Graham stated that he fully understood the plea agreement which he had signed, and he did not renew the objection which he had made at the conference. The sentence, which was later imposed, was based upon the

plea agreement. Graham made no renewal of his prior objection.

The precise issue posed is whether Seltzer's representation was constitutionally inadequate because she did not either bargain away the two-level enhancement for weapon possession or raise an objection with the court about the enhancement. If the two-level enhancement had not been used, the guideline range would have been 46 to 57 months.

As the court told Graham at the conference, the court does not participate in plea negotiations. As far as Seltzer is concerned, there is nothing to indicate that she was ineffective in such negotiations. The details of the discussions have not been placed before the court. However, what is before the court is the fact that Seltzer succeeded in negotiating from an indictment involving a 15 year minimum down to an information under which Graham could receive a third of that amount of prison time.

Under the circumstances, the court rejects the claim that Seltzer's representation was ineffective because the plea agreement included the weapon enhancement.

Graham argues that there should have been a downward departure under § 5K2.13 because of diminished mental capacity and aberrant behavior. Again, we are dealing with a negotiated guideline range in the plea agreement, which was of enormous benefit to Graham. There is no basis for saying that Seltzer was ineffective because it is now argued that there was

some factor which should have brought the guideline range even lower.

The claim about conflict of interest is wholly without substance. Seltzer has submitted an affidavit making it clear that the representation of another defendant by Seltzer's husband resulted in no conceivable prejudice to Graham.

Finally, the reference to some possible exculpatory evidence is unavailing. It involves nothing but speculation. Moreover, Graham admitted his guilt in the plea allocution.

The motion is denied and dismissed in all respects.

The moving party has not made a substantial showing of the denial of a constitutional right. Therefore a certificate of appealability will not issue. 28 U.S.C. § 2253.

In respect to the in forma pauperis statute, the court certifies that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:     New York, New York
           October 7, 2008

_____
THOMAS P. GRIESA
U.S.D.J.